# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:14-CR-175 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| NICHOLAS RIVERA, | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Nicholas Rivera was sentenced to 151 months' imprisonment after pleading guilty to cocaine and heroin distribution and being classified as a career offender under the United States Sentencing Guidelines. Rivera moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 58). We will deny Rivera's motion.

## I.  Factual Background & Procedural History

In July 2014, a grand jury returned a five-count indictment charging Rivera with distribution and possession with intent to distribute cocaine and heroin on several separate occasions in April and May 2014, all in violation of 21 U.S.C § 841(a)(1). (Doc. 1). Rivera subsequently signed a plea agreement containing the following pertinent terms. Rivera agreed to plead guilty to a one-count felony information charging distribution and possession with intent to distribute cocaine and heroin, a Section 841(a)(1) offense that carried a 20-year maximum sentence. (Doc. 31 ¶ 1). He also stipulated, together with the government, to a drug weight of "not less than 10 grams or more than 20 grams of heroin" for sentencing purposes.

(Id. ¶ 12). In exchange, the government agreed to dismiss the five-count indictment and credit Rivera with acceptance of responsibility. (Id. ¶¶ 2, 11).

The court accepted Rivera's plea of guilty to the superseding information. (Doc. 37). The probation office prepared a presentence report (Doc. 41), which determined, *inter alia*, that Rivera qualified as a career offender under the United States Sentencing Guidelines, (id. ¶¶ 21, 34). At sentencing, the court—without objection from Rivera or the government—adopted the presentence report's findings and Guidelines calculations, including Rivera's career-offender designation. (See 10/19/15 Sent. Tr. 2:23-3:6, 4:7-16). The court determined that Rivera's total offense level was 29, his criminal history category was VI because of his career-offender status, and his resultant Guidelines range was 151 to 188 months' imprisonment.[1] (See id.; Doc. 41 ¶¶ 21-23, 34, 53). Rivera received a sentence of 151 months' imprisonment, the bottom of the advisory Guidelines range. (Doc. 47 at 2).

Rivera appealed his sentence, arguing, among other things, that the court improperly classified him as a career offender under the Guidelines. See United States v. Rivera, 765 F. App'x 861, 862 (3d Cir. 2019) (nonprecedential). Rivera contended that his two prior Pennsylvania convictions under 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(30) did not qualify as career-offender predicates

---

[1] Had Rivera not been classified as a career offender, his total offense level would have been 15 and his criminal history category would have been IV. (See Doc. 41 ¶¶ 15-20, 22, 34). These changes would result in a Guidelines range of 30 to 37 months' imprisonment. U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (U.S. SENTENCING COMM'N 2014).

2

because the words "delivery" and "deliver" in Section 780-113(a)(30) swept more broadly than the Guidelines' definition of a "controlled substance offense." Id. The Third Circuit disagreed, finding that Rivera's convictions under Section 780-113(a)(30) qualified as controlled-substance predicates as defined by Section 4B1.2(b) of the Guidelines. Id. at 863 (citing United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018) (holding that Section 780-113(a)(30) "does not sweep more broadly than § 4B1.2" and conviction thereunder constitutes a "controlled substance offense" for career-offender purposes); United States v. Daniels, 915 F.3d 148, 152, 163-64 (3d Cir. 2019)). The panel ultimately affirmed Rivera's sentence. Id. at 864. The Supreme Court denied Rivera's petition for *certiorari* on October 7, 2019. Rivera v. United States, 140 S. Ct. 230 (2019) (mem.).

Rivera filed the instant Section 2255 motion two months later, challenging the legality of his sentence under the Sixth and Tenth Amendments to the United States Constitution. His motion is fully briefed and ripe for disposition.

## II. **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28

3

U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

### III. Discussion

Rivera raises two grounds for Section 2255 relief. He argues that his sentencing counsel was constitutionally deficient for failing to object to the presentence report's career-offender designation. He also contends that the United States' prosecution of his controlled-substance offense under 21 U.S.C. § 841 violates the Tenth Amendment. Neither claim has merit.

#### A. Ineffective-Assistance Claim

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See id. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687. Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda

4

v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90).

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See Strickland, 466 U.S. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

Rivera's ineffectiveness claim regarding career-offender classification fails because he is unable to establish deficient performance. Rivera styles his claim as ineffective assistance in violation of the Sixth Amendment, but he is essentially asserting the same underlying argument that he raised on direct appeal. That is, Rivera contends that he is not a career offender because his prior Pennsylvania convictions under 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(30) do not qualify as controlled-substance predicates, as the words "deliver" and "delivery" in Section

5

780-113(a)(30) criminalize more conduct than the Guidelines' definition of a "controlled substance offense." (See Doc. 58 at 7-8); Rivera, 765 F. App'x at 863. The Third Circuit has already determined that this argument lacks merit. See Rivera, 765 F. App'x at 863 (citing Glass, 904 F.3d at 324). Hence, Rivera's sentencing counsel did not perform deficiently by omitting a challenge to the career-offender enhancement on this basis. Counsel cannot be deemed ineffective for failing to raise a meritless claim. United States v. Bui, 795 F.3d 363, 366-67 (3d Cir. 2015) (citation omitted).

We recognize that Rivera has slightly modified his argument since direct appeal. Rivera now relies on several out-of-circuit cases to contend that the Guidelines' commentary cannot expand Section 4B1.2(b)'s definition of "controlled substance offense" to include the terms "deliver" or "delivery." (See Doc. 58 at 4-7 (citing United States v. Havis, 927 F.3d 382, 386-87 (6th Cir. 2019) (holding that Guidelines' commentary cannot add inchoate offenses to Section 4B1.2(b)'s plain definition of "controlled substance offense"); United States v. Winstead, 890 F.3d 1082, 1091-92 (D.C. Cir. 2018) (same))).[2] Rivera also notes that the United States Sentencing Commission has proposed amending Section 4B1.2 to move the inchoate offense language from the commentary to the text of the Guideline. See U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (U.S. SENTENCING COMM'N, 2019 Proposed Amendment 2: Career Offender, Part C, Dec. 20, 2018).

---

[2] Rivera incorrectly asserts that Havis and Winstead represent "[s]uperseding authority" and override Third Circuit case law. (See Doc. 58 at 6; Doc. 68 at 3-4).

6

Rivera's newest iteration of his career-offender challenge meets the same roadblock as its predecessor: the Third Circuit's decision in Glass. Glass is binding on this court and explicitly holds that convictions under Section 780-113(a)(30) qualify as "controlled substance offenses" for career-offender purposes. See Glass, 904 F.3d at 324; Rivera, 765 F. App'x at 863. If Rivera decides to seek a certificate of appealability from the Third Circuit, he is free to argue there that (a) Glass was wrongly decided insofar as it relied, in part, on Guidelines' commentary in determining that Section 780-113(a)(30) convictions qualify as controlled-substance predicates[3]; and (b) his attorney was ineffective for not raising this argument. But we conclude—as we must—that Rivera's Section 780-113(a)(30) convictions constitute controlled-substance predicates and that Rivera was properly classified as a career offender under the Guidelines. And because there was no deficient performance by sentencing counsel concerning Rivera's career-offender classification, there is no need to consider Strickland's prejudice prong. See Strickland, 466 U.S. at 697; Lilly, 536 F.3d at 196.

**B.    Tenth Amendment Claim**

Rivera posits that his conviction under 21 U.S.C. § 841(a)(1) runs afoul of the Tenth Amendment. Rivera cursorily contends that he was "convicted of a cocaine

---

[3] We note that the Third Circuit provided a bevy of reasons for its conclusion that Section 780-113(a)(30) offenses constitute "controlled substance offenses" under the Guidelines, many of which had nothing to do with Guidelines' commentary. See Glass, 904 F.3d at 322-23.

7

quantity below the federal statutory minimum"[4] and "without any allegation of international or interstate trafficking." (See Doc. 58 at 8-9). This claim, too, is unavailing.

To the extent that Rivera is asserting that his federal prosecution under Section 841 unconstitutionally encroaches on powers reserved to the states, he is mistaken. It is firmly established that the Commerce Clause—U.S. CONST. art. 1, § 8, cl. 3—authorizes Congress to enact and enforce 21 U.S.C. § 841, even if the conduct that allegedly violates this statute involves *purely intrastate* activity. See Gonzales v. Raich, 545 U.S. 1, 17, 22 (2005); see also Taylor v. United States, 579 U.S. __, 136 S. Ct. 2074, 2081 (2016). It is equally settled that when Congress acts pursuant to an enumerated power, there can be no Tenth Amendment violation. See Watters v. Wachovia Bank, N.A., 550 U.S. 1, 22 (2007) (citation omitted); Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 413 (3d Cir. 2012) (quoting United States v. Parker, 108 F.3d 28, 31 (3d Cir. 1997)). Accordingly, Rivera's Tenth Amendment challenge fails.

---

[4] Rivera has not cited any authority for the proposition that there is a minimum quantity of cocaine hydrochloride—a schedule II controlled substance—required for federal prosecution. See, e.g., 21 U.S.C. § 841(b)(1)(C).

## IV. Conclusion

We will deny Rivera's motion (Doc. 58) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he has not demonstrated that his sentence "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a). We will also deny a certificate of appealability, as Rivera has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 7, 2020